UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD ROYBAL, | Case No. 2:21-CV-1931 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| ROBERT L. BACHMAN, ESQ., et al., | |
| Defendant(s). | |

Presently before the court is defendants Robert L Bachman ("Bachman") and Debt Solutions Service, LLC's ("DSS") (collectively "defendants") motion to dismiss. (ECF No. 11). Plaintiff Richard Roybal ("Richard") filed a response (ECF No. 13), to which defendants replied (ECF No. 14).

Also before the court is Richard's motion for leave to file a surreply (ECF No. 15), to which defendants replied (ECF No. 16).[1]

**I.   Facts**

This matter arises out of the parties' debt consolidation agreement. In 2019, Richard, a retired elderly person,[2] entered into an agreement with Bachman to reduce, compromise, modify, or eliminate his debt. (*See* ECF No. 1 at 6, 8). The agreement identifies DDS as an "outside company and independent consultant" that "will be performing the services contemplated under

---

[1] The court DENIES Richard's motion for a surreply. The defendants' reply did not raise a new material issue that warranted a reply.

[2] As defined by Nevada Revised Statute ("NRS") § 598.0933.

**James C. Mahan**
**U.S. District Judge**

[the] [a]greement." (ECF No. 1-2 at 2).³  The agreement contains the following mediation clause:

> Mediation.  If any dispute arises out of or related to this [a]greement, and if the dispute cannot be resolved through good faith negotiation, [DDS] and [Richard] agree to submit the dispute to non-binding mediation for no less than one, eight-hour day, before resorting to any other dispute resolution procedure.  In the event of mediation, each side will bear their own attorney's fees and costs, with each side paying one-half of the mediator's fees.  The party first invoking this provision will select the mediator.

(*Id.* at 7).

Richard now brings claims against defendants for charging him an advanced fee in violation of the Credit Repair Organizations Act ("CROA"), (ECF No. 1 at 11), and charging him more than the disclosed performance fee in violation of the Telemarketing Act, (*id*. at 15).⁴

Defendants, however, move to dismiss Richard's complaint for failure to comply with the agreement's mediation clause.  (*Id*. at 3).

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.  R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Brosnan v. Dry Cleaning Station Inc.*, No. C–08–02028, 2008 WL 2388392, at * 1 (N.D. Cal., June 6, 2008); *see also HIM Portland, LLC v. De Vito Builders, Inc.*, 317 F.3d 41, 44 (1st Cir. 2003).

. . .

---

³ Richard extensively references the agreement in his complaint, attached it to his complaint, and defendants do not dispute its authenticity.  Therefore, the court considers its contents at this dismissal stage.

⁴ Richard also alleges nine other claims which the court need not discuss in detail.

### III. Discussion

#### A. Richard's failure to comply with the agreement's mediation clause precludes his initiation of this litigation

The plain language of the agreement's mediation clause provides that to the parties must participate in non-binding mediation before resorting to any other resolution procedure. This imposes a condition precedent to initiating litigation. Richard admits that the parties did not participate in mediation before he filed his complaint, but argues that defendants waived the condition by not responding to his request to begin mediation.

Richard argues that he sent a letter to defendants requesting clarifications about the agreement's mediation clause on October 6, 2021, but defendants failed to respond in a timely manner. (ECF No. 13 at 3). He then sent another letter on October 12, 2021, informing defendants of his choice of mediator, Advanced Resolution Matters. (*Id.* at 4). Richard demanded that defendants reply to the letter by October 15, 2021, or he would consider the mediation condition waived. (*Id.*). Richard argues that defendants' failure to respond by that date constitutes waiver of the mediation obligation. (*See id.*)

Defendants, however, argue that they responded to Richard's first letter discussing disputed facts on October 11, 2021, and agreed to Richard's choice of mediator on October 25, 2021. (ECF No. 11 at 2).

Here, defendants' failure to respond by October 15, 2021, does not constitute a waiver of their right to mediation. While not responding to a request can be considered a waiver, a two-week delay in response does not constitute waiver merely because Richard unilaterally imposed an arbitrary deadline to respond to his request; especially when no such requirement is contained in the agreement.

The parties are bound by the agreement's terms and must complete the mediation process before any alternative dispute resolution, including this litigation. *See, e.g.*, *MB Am., Inc. v. Alaska Pac. Leasing*, 367 P.3d 1286, 1291 (Nev. 2016). Therefore, the court dismisses Richard's complaint as unripe.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED. Richard's complaint is DISMISSED, without prejudice.

IT IS FURTHER ORDERED that Richard's motion for a surreply (ECF No. 15) be, and the same hereby is, DENIED.

The clerk is instructed to close this case.

DATED June 27, 2022.

                                                                                        _____
                                                                                        UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -